**CV14-3475**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TAMIKI GOLPHIN,

                                 Plaintiff,

      -against-

CITY OF NEW YORK, KELLY BROWN, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                Defendants,

-----------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

JOHNSON

       Plaintiff TAMIKI GOLPHIN, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

YORK.

## FACTS

12. On March 1, 2013, at approximately 12:10 p.m., inside the Atlantic Center Shopping Mall, located at 139 Flatbush Avenue, Brooklyn, New York, defendant KELLY BROWN, stopped, pushed, searched, handcuffed, and arrested plaintiff without just cause to do so.

13. Upon information and belief, defendant KELLY BROWN stopped, pushed, and searched plaintiff pursuant to an unlawful practice of stopping and searching individuals due to discrimination against them based on their race and/or nationality and not for a lawful particularized suspicion that plaintiff was engaged in criminal activity.

14. Prior to being stopped, plaintiff was standing outside a store, where she had just made a purchase and was talking on her cellular telephone.

15. Defendant KELLY BROWN approached plaintiff and told her, in sum and substance, to get out of the mall.

16. Plaintiff responded in sum and substance that she was a taxpayer and asked defendant KELLY BROWN why he was coming up to plaintiff and telling her to get out of the mall.

17. Defendant KELLY BROWN then pushed plaintiff in the chest, kicked her shopping bags, and stated, in sum and substance, I told you to get out of here.

18. Plaintiff responded in sum and substance, I'm trying to leave, let me get my stuff together. Defendant KELLY BROWN then stated, "that's it."

19. Defendant KELLY BROWN then grabbed plaintiff's arm, pushed her against a

3

wall, handcuffed her, and searched her person and pocketbook, despite the fact that plaintiff had not committed any crime or offense.

20. After plaintiff was handcuffed, three unidentified NYPD officers arrived at the location.

21. Defendant KELLY BROWN then imprisoned plaintiff in a police vehicle and transported her to the 78th NYPD police precinct and imprisoned her therein.

22. While in the stationhouse, an officer subjected plaintiff to a humiliating search, directing plaintiff to lift up her shirt and bra during said search.

23. Plaintiff was also photographed and fingerprinted while in the stationhouse.

24. Plaintiff was released from custody at approximately 3:00 p.m., on March 1, 2013. Upon her release, plaintiff was issued a Desk Appearance Ticket, which compelled plaintiff to appear in Kings County Criminal Court.

25. Defendant KELLY BROWN created and manufactured false evidence against plaintiff, which defendant KELLY BROWN then conveyed to the Kings County District Attorney's Office causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

26. As a result of the aforementioned conveyance of false evidence, plaintiff was falsely charged with disorderly conduct and resisting arrest.

27. At plaintiff's arraignment, all the false charges levied against her were adjourned in contemplation of dismissal and were subsequently dismissed and sealed in Kings County Criminal Court.

28. All of the above occurred as a direct result of the unconstitutional policies,

4

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to her race and/or nationality.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including defendant KELLY BROWN, are insufficiently trained regarding: the use of force; disproportionately stop, search, and arrest individuals due to discrimination against them based on their race or nationality; and engage in a practice of falsification.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused defendant KELLY BROWN, in the present case, to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that defendant KELLY BROWN lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer. Despite such notice, defendant CITY of NEW YORK has retained him, and failed to adequately train and supervise him.

32. As a result of the foregoing, plaintiff TAMIKI GOLPHIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff TAMIKI GOLPHIN the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants arrested plaintiff TAMIKI GOLPHIN without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

42. Defendants caused plaintiff TAMIKI GOLPHIN to be falsely arrested and unlawfully imprisoned.

43. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff TAMIKI GOLPHIN'S constitutional rights.

46. As a result of the aforementioned conduct of defendants, plaintiff TAMIKI

GOLPHIN was subjected to excessive force and sustained physical and emotional injuries.

47. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants created false evidence against plaintiff TAMIKI GOLPHIN.

50. Defendants utilized this false evidence against plaintiff TAMIKI GOLPHIN in legal proceedings.

51. As a result of defendants' creation and use of false evidence, plaintiff TAMIKI GOLPHIN suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

52. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants issued criminal process against plaintiff TAMIKI GOLPHIN by causing her arrest and prosecution in a criminal court.

55. Defendants caused plaintiff TAMIKI GOLPHIN to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

56. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The defendants falsely arrested and subjected plaintiff TAMIKI GOLPHIN to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

62. As a result of the foregoing, plaintiff TAMIKI GOLPHIN was deprived of her rights under the Equal Protection Clause of the United States Constitution.

63. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the

violation of plaintiff TAMIKI GOLPHIN'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TAMIKI GOLPHIN.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TAMIKI GOLPHIN as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TAMIKI GOLPHIN as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff TAMIKI GOLPHIN was unlawfully arrested and subjected to excessive force.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TAMIKI GOLPHIN'S constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff TAMIKI GOLPHIN of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest/unlawful imprisonment;

  C. To be free from excessive force;

  D. To receive her right to fair trial;

  E. To be free from malicious abuse of process;

  F. To receive equal protection under law.

73. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

79. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants arrested plaintiff TAMIKI GOLPHIN without probable cause.

82. Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

83. As a result of the aforementioned conduct, plaintiff TAMIKI GOLPHIN was unlawfully imprisoned in violation of the laws of the State of New York.

84. As a result of the aforementioned conduct, plaintiff TAMIKI GOLPHIN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. As a result of the foregoing, plaintiff TAMIKI GOLPHIN was placed in apprehension of imminent harmful and offensive bodily contact.

88. As a result of defendant's conduct, plaintiff TAMIKI GOLPHIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendants made offensive contact with plaintiff TAMIKI GOLPHIN without privilege or consent.

92. As a result of defendants' conduct, plaintiff TAMIKI GOLPHIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELVTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendants issued criminal process against plaintiff TAMIKI GOLPHIN by causing her to be arrested, arraigned and prosecuted in criminal court.

96. Defendants caused plaintiff TAMIKI GOLPHIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

97. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TAMIKI GOLPHIN.

100. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

101. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff TAMIKI GOLPHIN.

104. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on

duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

108. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

110. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. As a result of defendants' conduct, plaintiff was deprived of her right to equal protection of laws.

113. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

114. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. As a result of defendants' conduct, plaintiff TAMIKI GOLPHIN was deprived of her right to security against unreasonable searches, seizures, and interceptions.

116. As a result of the foregoing, plaintiff TAMIKI GOLPHIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TAMIKI GOLPHIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

  (C)  reasonable attorneys' fees and the costs and disbursements of this action; and

  (D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   May 30, 2014

             LEVENTHAL & KLEIN, LLP
             Attorneys for Plaintiff TAMIKI GOLPHIN
             45 Main Street, Suite 230
             Brooklyn, New York 11201
             (718) 722-4100

      By: _____
             JASON LEVENTHAL (JL1067)
             BRETT H. KLEIN (BK4744)